UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICIA FLORES,<br><br>                    Plaintiff,<br><br>    v.<br><br>WALMART STORES, INC., a Delaware corporation<br><br>                    Defendant. | NO: 11-CV-0334-TOR<br><br>ORDER GRANTING STIPULATED PROTECTIVE ORDER |

BEFORE THE COURT is the parties' Motion for Stipulated Protective Order (ECF No. 13). Having reviewed the motion and the files herein, the Court is fully informed.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The term "discovery materials" shall mean all documents to be produced, given or filed by any party or nonparty, and all interrogatory answers, answers to requests for admissions, and deposition testimony.

ORDER GRANTING STIPULATED PROTECTIVE ORDER ~ 1

1  2. "Producing party" shall mean the party or person providing discovery, or the party or person that originated the document in discovery.

3. "Confidential material" shall include the following discovery material produced by a party, and all information therein to the extent that such information is not otherwise available apart from the discovery material produced in this litigation:

(a) All employee and personnel files, including, compensation and benefit information, for any current or former employee, including management of Walmart, other than Plaintiff;

(b) All financial, accounting, banking, cash fund transfer records, and proprietary documents and records for Walmart;

(c) All health care information relating to Plaintiff's medical treatment with any doctor, medical facility, physical therapist, psychologist/psychiatrist, counselor, therapist, or any other healthcare practitioner or provider.

(d) All non-public documents containing proprietary information including, but not limited to, store procedures, store policies, customers, employees, accounting information, sale information, and communications regarding the same.

ORDER GRANTING STIPULATED PROTECTIVE ORDER ~ 2

4. Copies of confidential material, and the information therein, shall be received only by the parties, counsel, and the employees of counsel, including secretarial and paralegal assistants, as necessary to assist in the preparation of this litigation.  Confidential material shall be used only for the purposes of this litigation, and in all other respects shall be held confidential by such persons and not disclosed to any other person.  Nothing in this Order shall prohibit plaintiff or defendant from seeking to introduce confidential material at trial or seeking to protect such information at trial.

5. If, during the course of this proceeding, depositions are conducted that involve confidential material, the portions of the transcript that refer to confidential material shall also be deemed confidential material.

6. All discovery materials, including deposition transcripts and exhibits, that have been designated confidential material, or information derived therefrom, shall be filed with the Court only with the agreement of the parties.  If the parties do not agree, the party seeking to file, or refer to, the confidential material must file the confidential material under seal and must provide a working copy to the Court to review *in camera* to avoid public disclosure prior to the Court's ruling.  The non-filing party may, in its discretion, ask the Court to require that the confidential material be unsealed.

7. Copies of discovery materials that have been designated confidential material, and the information contained therein, shall be made available to witnesses only upon the written agreement of each such witness to be bound by the terms of this Order.

8. Counsel may at any time request the producing party to eliminate the confidential material designation of any discovery materials. The producing party must respond in writing to any such request within ten (10) business days of its receipt. If the producing party declines to reclassify discovery materials following such a request, counsel may submit the discovery materials in question *in camera* to the Court and seek an order reclassifying the materials.

9. Counsel is authorized to make, or cause to be made at their direction, reproductions of discovery materials that have been designated confidential material as they deem necessary for the purposes of this litigation, but all such reproductions shall be subject to the terms of this Order.

10. This Order may be modified by the Court upon stipulation of the parties or on the motion of any party.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

/ /

/ /

ORDER GRANTING STIPULATED PROTECTIVE ORDER ~ 4

1 **DATED** this 30th day of August, 2012.

2 *s/ Thomas O. Rice*

3 THOMAS O. RICE
United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING STIPULATED PROTECTIVE ORDER ~ 5